UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIDAL WHITLEY,

                              Plaintiff,

                    -against-

NYS DOCCS, et al.,

                              Defendants.

**ORDER**

17-CV-03652 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Vidal Whitley ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action by a Complaint docketed on May 15, 2017. (Doc. 1). Plaintiff alleged generally that his Eighth Amendment rights were violated when he was assaulted, raped, and then denied medical care while incarcerated at Green Haven Correctional Facility. (*Id.*).

On October 2, 2020, this Court docketed a Notice of Initial Conference setting an initial pretrial conference in this matter for November 10, 2020. (Doc. 68). On November 9, 2020, because of a scheduling conflict, the Court adjourned that conference to January 5, 2021. (Doc. 69). The Court directed, in that November 9, 2020 Order, that Defense counsel serve a copy of the November 9, 2020 Order, along with a copy of the Notice of Initial Conference, on Plaintiff and file proof of service on the docket. (*Id.*). No proof of service was filed.

On January 4, 2021, because Defense counsel did not serve Plaintiff in compliance with the Court's November 9, 2020 Order, the Court issued an Order adjourning the initial pretrial conference to February 9, 2021 and directing the Clerk of the Court to mail a copy of that Order, the November 9, 2020 Order, and the Notice of Initial Conference to Plaintiff. (Doc. 70). The Clerk of the Court mailed the documents in compliance with the Court's directives that same day; that

mailing was, however, returned to the Court on January 27, 2021 for the "following reason(s): Attempted – Not known, Unable to forward." (Jan. 27, 2021 Entry).

Shortly thereafter, on February 5, 2021, this Court issued an Order adjourning the initial pretrial conference *sine die*, reminding Plaintiff of his obligation to provide a current mailing address, and directing him to "provide the Court with his new mailing address" within thirty days (*i.e.*, March 8, 2021). (Doc. 72). That Order advised that "the Court may dismiss this action without prejudice if Plaintiff fails to provide the Court with an address for service." (*Id.*). The Court noted further in that Order that the docket in a separate action, *Whitley v. Bowden*, No. 17-CV-03564, provided two different addresses for Plaintiff in Rochester, New York, and directed the Clerk of the Court to mail a copy of the February 5, 2021 Order, the January 4, 2021 Order, the November 9, 2020 Order, and the Notice of Initial Conference to Plaintiff at the address on the docket *as well as* the addresses retrieved from Plaintiff's other action.[1] (*Id.*).

On March 23, 2021, the mail sent to Plaintiff at "360 St. Paul Street, Apt. 413, Rochester, New York 14605" was returned to the Court "for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward Return To Sender." (Mar. 23, 2021 Entry). Likewise, on March 26, 2021, the mail set to Plaintiff at "574 Joseph Center, Rochester, New York 14605" was returned to the Court "for the following reason(s): Return to Sender Undeliverable As Addressed Unable To Forward." (Mar. 26, 2021 Entry).

On April 30, 2021, this Court issued an Order to Show Cause directing Plaintiff to "show cause in writing on or before June 1, 2021, why this action should not be dismissed without prejudice for want of prosecution pursuant to Rule 41(b)." (Doc. 73 at 3). The Court warned

---

[1] The other action, *Whitley v. Bowden*, No. 17-CV-03564, was dismissed by this Court under Federal Rule of Civil Procedure 41(b) by Order dated February 23, 2021. *Whitley v. Bowden*, No. 17-CV-03564, 2021 WL 706647 (S.D.N.Y. Feb. 23, 2021).

specifically that "[f]ailure to respond to this Order will result in dismissal of this case without prejudice for want of prosecution." (*Id.*). The Court directed the Clerk of the Court to mail a copy of the April 30, 2021 Order to Show Cause, the February 5, 2021 Order, the January 4, 2021 Order, the November 9, 2020 Order, and the Notice of Initial Conference to Plaintiff at the address listed on the docket in this case (*i.e.*, 360 St. Paul Street, Rochester, New York 14605) as well as the addresses listed in the related action (*i.e.*, 360 St. Paul Street, Apt. 413, Rochester, New York 14605 *and* 574 Joseph Center, Rochester, New York 14605). The mailing sent to the 574 Joseph Center address was "returned for the following reason(s): Return To Sender Unable To Forward, RTS." (June 30, 2021 Entry). The other mailings, those sent to 360 St. Paul Street, were "returned for the following reason(s): Deceased." (May 17, 2021 Entries).

## STANDARD OF REVIEW

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-04000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

4

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to two separate Orders since February 2021. On February 5, 2021, this Court issued an Order advising that "[i]t is Plaintiff's obligation to provide the Court with an address for mail service," directing Plaintiff to provide his new mailing address within thirty days, and warning that his failure to provide a current address could result in dismissal without prejudice. (Doc. 72). Receiving no response, the Court issued an Order to Show Cause on April 30, 2021 and warned that the action would be dismissed for want of prosecution unless, on or before June 1, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 73 at 3). The failure to comply with these Orders supports dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-09730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018); *Lewis*, 2015 WL 4620120, at *3-4.

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. The February 5, 2021 Order cautioned that failure to provide a current address would result in dismissal, and the April 30, 2021 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (*See* Doc. 72; Doc. 73). Such warnings support dismissal. *See Evans v. City of Yonkers*, No. 19-CV-00794, 2020 WL 7496356, at *3 (S.D.N.Y. Dec. 18, 2020); *Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and, in fact, has not filed anything in this matter since a letter docketed on October 25, 2019. (Doc. 66).

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiff's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since February 2021, the Court has issued two Orders pressing Plaintiff to participate in this action and update his address; he has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## <u>CONCLUSION</u>

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action, and mail a copy of this Order to Plaintiff at the following addresses:

    Vidal M. Whitley
    360 St. Paul Street
    Rochester, New York 14605

Vidal Whitley
360 St. Paul Street, Apt. 413
Rochester, New York 14605

Vidal Whitley
574 Joseph Center
Rochester, New York 14605


**SO ORDERED:**

Dated:   White Plains, New York
         July 30, 2021

_____
PHILIP M. HALPERN
United States District Judge

7